UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LEMUEL DEAN BROWN,

       Plaintiff,                   CIVIL ACTION NO. 05-60162

       v.                            DISTRICT JUDGE JOHN CORBET O'MEARA

CITY OF DETROIT, *et al.*,        MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendants.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

     This matter comes before the court on the City of Detroit's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, the court recommends that the City's motion be granted and that plaintiff's complaint be dismissed in its entirety.

### II.  Discussion

     Plaintiff, a *pro se* litigant, is an inmate in the custody of the Michigan Department of Corrections.  He is serving a life sentence for murder and other convictions.  This action arises from the search of his home and his subsequent arrest, which occurred on April 19, 1987.  The allegations of plaintiff's amended complaint are difficult to decipher, but he appears to allege that the search and seizure were illegal.  He also appears to allege a Sixth Amendment Confrontation Clause claim.  He brings suit against the City of Detroit and two Detroit police

officers, Sergeant Hilton Napoleon and Sergeant Dennis Richardson.  Plaintiff appears to invoke 42 U.S.C § 1983 and the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as bases for the court's jurisdiction.

With respect to the § 1983 claims against the City of Detroit, it is well-settled that "section 1983 does not permit a plaintiff to sue a local government entity on a theory of *respondeat superior*."  Gregory v. City of Louisville, 444 F.3d 725, 752 (6th Cir. 2006).  A municipality may only be held liable under § 1983 where a municipal custom or policy has resulted in the deprivation of a constitutional right.  Id.  Plaintiff's complaint contains no allegations that a City of Detroit custom or policy resulted in the deprivation of his constitutional rights.  Further, it appears that any constitutional claims against the City would be time barred under the applicable three-year statute of limitations.  See Wolfe v. Perry, 412 F.3d 707 (6th Cir. 2005)(three-year statute of limitations applicable to § 1983 claims brought in Michigan).  In addition, to the extent plaintiff's constitutional claims would imply the invalidity of the convictions for which he is currently incarcerated, those claims are barred under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  For these reasons, plaintiff has failed to state a § 1983 claim on which relief may be granted.

Plaintiff has also failed to state a FOIA claim on which relief may be granted.  FOIA does not apply to state or local governments or agencies.  See 5 U.S.C. § 551(1).  Accordingly, plaintiff cannot proceed against the City of Detroit under FOIA.

With respect to the individual defendants, the complaints contains no allegations that they engaged in any wrongdoing.  They are identified in the "Parties" section of the amended

complaint, but they are not otherwise mentioned therein.  Thus, no claim has been stated against either individual defendant.  In addition, to the extent plaintiff intended to assert constitutional claims against them, those claims would be either time-barred or subject to the bar of Heck.  Accordingly, plaintiff has failed to state claims on which relief may be granted against the individual defendants.

**III.  Conclusion**

For the reasons stated above, the court recommends that the City of Detroit's motion to dismiss be granted, that the claims against the individual defendants be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), and that plaintiff's complaint be dismissed, with prejudice, in its entirety.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

|  |  |
|---|---|
|  | S/VIRGINIA M. MORGAN |
|  | VIRGINIA M. MORGAN |
| Dated: September 11, 2006 | UNITED STATES MAGISTRATE JUDGE |

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 11, 2006.

                                               s/Kendra Byrd
                                               Case Manager to
                                               Magistrate Judge Virginia M. Morgan